Jewell, J. (orally).
This is an action brought by Edward Kibler, as administrator de bonis non of the estate of William Glenny Wallace, deceased, asking for the construction of the will of William Glenny Wallace. It seems that Henry Wallace, father of William Glenny Wallace, died many years ago. • Henry Wallace left a will, and by item 3 of his will he devised to the son, William Glenny Wallace, his farm. He had two children — William Glenny Wallace and Mrs. Margaret Reynolds. He devised by item 3 this property to his son, and in item 4 provided that the son should pay $5,000 to his daughter, Mrs. Reynolds. William Glenny Wallace lived many years and died intestate leaving Jemima E. Wallace, his widow. The property of William Glenny Wallace was sold to pay debts, and the administrator has in' his hands something like $3,000. The widow claims that the property belongs to her. The children of his sister — his sister having died— contend that the widow only has a life estate in the farm, and that at the death of the widow the fund passes to the children of Mrs. Reynolds, the sister of William Glenny Wallace. So *304 it goes back to the nature of the estate held by the son, William Glenny Wallace.
It is contended by the widow that a devise of this farm to the son, with a lien upon it of $5,000, made the farm come by purchase; and if it came by purchase of course the widow takes absolutely the fee. If it is treated as ancestral property and came by deed of gift, or devised by will, then the widow has only a life estate upon the fund, and it must be treated as a trust fund and pass to the children of the deceased sister.
The question in this state is a new one. We have drafted, ourselves, many wills of this nature, and never thought of this question coming up before; that is, a,s to whether or not a devise of real estate in a will to a child, followed by a further gift to another child, and making the gift a lien upon the property, changed the character of that property from ancestral to non-ancestral property.
This will gives to the son this property, and by a following item provides that he shall pay to his sister $5,000 and makes it a lien upon the property.
I am satisfied, after giving this matter some consideration, that the gift to the daughter of $5,000 did not change the character of the gift to the son; but it merely diminishes the value of the gift by $5,000; that is, the nature of the gift remains the same. 'The value of the gift is lessened by $5,000. No act whatever was necessary upon the part of the son to take this property. He became the owner of the property upon the death of the father by the will. This is supported by a Supreme Court ease cited us from Pennsylvania.
-So the decree of the court is that the widow has a life estate only in this farm. Counsel may make such an entry as will protect these parties. I have not gone any further than that, but I presume that a trustee should be appointed and the fund invested.